```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/19/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TELEBRANDS CORP.,

*Plaintiff*

v.

HENGSHUISHIBAIHUAJIANZHUGONGCHENGCHU d/b/a GUODAOYUHEGANGLUJIAOCHA, LINFENHAOKUNHUIWUFUWUYOUXIANZERENGONGSI d/b/a LIGUOHONGGONGSI, SHANGQIUNONGLAINONGWANGNONGYEKEJIYOUXIANGONGSI d/b/a NONGLAINONGWANG, YONGJIGULANSHANGMAOYOUXIANGONGSI d/b/a ZHAOBAICUNDIERZU, ZHENGZHOUSHIERQIQUKEHANDIANZICHANPINSHANGHANG d/b/a KEHANDIANZIXIAOMING, and ZHENGZHOUSHIJINSHUIQUZHUNLUBAIHUOSHANGHANG d/b/a UFPVSC,

*Defendants*

**CIVIL ACTION NO.
25-cv-3131 (AT)**

**PRELIMINARY
INJUNCTION ORDER**

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Telebrands** | Telebrands Corp. |
| **Defendants** | hengshuishibaihuajianzhugongchengchu d/b/a guodaoyuheganglujiaocha, LinFenHaoKunHuiWuFuWuYouXianZeRenGongSi d/b/a LiGuoHongGongSi, SHANGQIUNONGLAINONGWANGNONGYEKEJIYOUXIANGONGSI d/b/a NONGLAINONGWANG, YongJiGuLanShangMaoYouXianGongSi d/b/a ZhaoBaiCunDiErZu, ZhengZhouShiErQiQuKeHanDianZiChanPinShangHang d/b/a KeHanDianZiXiaoMing, and zhengzhoushijinshuiquzhunlubaihuoshanghang d/b/a Ufpvsc |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 60 E 42nd Street, Suite 1250, New York, NY 10165 |
| **Complaint** | Plaintiff's Complaint filed in the instant action on April 15, 2025 |
| **Application** | Plaintiff's ex parte application for: 1) a temporary restraining order; 2) an order restraining Defendants' Merchant Storefronts; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Iyer Dec.** | Declaration of Bala Iyer in Support of Plaintiff's Application |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application |
| **Horsepower Pocket Pony Product(s)** | Plaintiff's pocket-sized version of its cordless, rechargeable, waterproof power scrubber, marketed under the HORSEPOWER brand |
| **Horsepower Pocket Pony Applications** | U.S. Trademark Application Ser. Nos. 98/542,914, covering "POCKET PONY" for goods in Classes 7 and 21; 98/815,797, covering "HORSEPOWER" for goods in Class 7; and 98/443,377, covering "HORSEPOWER" for goods in Classes 3, 5, 7, and 21 |
| **Horsepower Pocket Pony Marks** | The marks covered by the Horsepower Pocket Pony Applications |
| **Plaintiff's Website** | Plaintiff's fully interactive websites located at https://horsepowerhome.com/ and https://www.horsepowerpocketpony.com |
| **Infringing** | Defendants' products advertised, offered for sale and/or sold by Defendants |

i

| **Products** | via, at a minimum, Defendants' Merchant Storefronts (as defined infra) on Amazon, which bear, use and/or are offered for sale and/or sold in connection with the Horsepower Pocket Pony Marks and/or which bear, use and/or are offered for sale and/or sold in connection with marks that are confusingly substantially similar to the Horsepower Pocket Pony Marks and/or which are identical or confusingly similar to the Horsepower Pocket Pony Products |
|---|---|
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, and/or each of their respective officers, employees, agents, servants and all persons in active concert or participation with any |
| **Merchant Storefront(s)** | Any and all User Accounts, including, without limitation, on Amazon, through which Defendants, and/or each of their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Amazon, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Infringing Products, which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on April 17, 2025 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery (*Dkt. Nos. 21-24*);

WHEREAS, on April 21, 2025, the Court entered an Order granting Plaintiff's Application ("TRO"), which ordered Defendants to appear on May 5, 2025 at 3:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing") (*Dkt. No. 26*);

WHEREAS, on April 29, 2025, the Court entered an Order modifying the briefing schedule extending the TRO, and continuing the date of the Show Cause Hearing to May 19, 2025 at 2:00 p.m.("April 29, 2025 Order") (*Dkt. No. 30*);

WHEREAS, on April 28, 2025, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, and all papers filed in support of Plaintiff's Application on all Defendants, except Defendant zhengzhoushijinshuiquzhunlubaihuoshanghang d/b/a Ufpvsc (*see Dkt. No. 31*);

WHEREAS, on April 30, 2025, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application on Defendant zhengzhoushijinshuiquzhunlubaihuoshanghang d/b/a Ufpvsc and the April 29, 2025 Order on each and every Defendant (*see Dkt. No. 31*);

WHEREAS, on May 19, 2025 at 2:00 p.m., Plaintiff appeared at the Show Cause Hearing; however, no Defendants appeared.

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the

1

pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

  i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products or any other products bearing the Horsepower Pocket Pony Marks and/or marks that are confusingly similar to, identical to and constitute infringement of the Horsepower Pocket Pony Marks;

  ii. operating Defendants' User Accounts in violation of this Order;

  iii. directly or indirectly infringing in any manner Plaintiff's Horsepower Pocket Pony Marks;

  iv. using Horsepower Pocket Pony Marks and/or any other marks that are confusingly similar thereto on or in connection with Defendants' Merchant Storefronts and/or Defendants' importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, sale and/or otherwise dealing in Infringing Products;

  v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by

2

    Defendants with Plaintiff; and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants, Merchant Storefront owned or operated by Defendants, services provided by Defendants, and/or Defendants' commercial activities by Plaintiff;

  vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' Merchant Storefronts, and/or the manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products;

  vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

  viii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above, and 1(b)(i) and 1(c)(i) below.

b) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements and are identified in this Order are hereby restrained

3

and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Merchant Storefronts.

c) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. operating Defendants' User Accounts in violation of this Order; and

    ii. instructing, aiding or abetting Defendants and/or any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) and 1(c)(i) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

2. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days

of service to Plaintiff's counsel.

b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

   ii. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph IV(A) of the TRO;

   iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and

of service to Plaintiff's counsel.

b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

   ii. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph IV(A) of the TRO;

   iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and

        Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts; and

   iv.  Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Infringing Products, or any other products bearing the Horsepower Pocket Pony Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Horsepower Pocket Pony Marks.

3. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order to Defendants' e-mail addresses as identified by Amazon pursuant to **Paragraph IV(C)** of the TRO.

4. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants and Third Party Service Providers through the pendency of this action.

5. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order. Any act in violation of this Order by Defendants or any one of them, or by any persons in active concert or participation with Defendants who have actual notice of this Order, may be considered and prosecuted as in contempt of this Court.

6. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

7. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff.

**SO ORDERED.**

Dated: May 19, 2025
        New York, New York

_____
HON. ANALISA TORRES
UNITED STATES DISTRICT JUDGE